[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
FACTUAL BACKGROUND
By complaint dated March 30, 1992, Roseanne Diotaiuto commenced an action against Aetna Casualty and Surety Company (Aetna) and Safeco Insurance Company of America (Safeco) on behalf of Maria Diotaiuto for coverage of injuries she allegedly suffered while a minor. On February 25, 1990, Maria Diotaiuto was a passenger in a vehicle operated by Peter Yacono and owned by Leo Redmond that was struck by a vehicle owned and operated by Robert Carranzo. Plaintiffs allege that on or about March 3, 1992, Carranzo's insurance carrier offered the limit of the policy and exhausted his insurance coverage.
Plaintiffs allege that, at the time of the accident, Maria Diotaiuto was an insured under an insurance policy issued by Aetna to her parents and was occupying a vehicle owned by Redmond and insured by Safeco, and she is entitled to recover underinsured motorist benefits under both the Aetna and Safeco policies.
On May 5, 1992, Safeco answered and asserted two special defenses. On May 28, 1992, Aetna answered and asserted five special defenses. On October 19, 1993, Aetna filed an amended answer adding a sixth special defense.
On August 18, 1993, Safeco filed a motion for summary judgment which is not now before the court. On August 25, 1993, plaintiffs filed the present motion for summary judgment on the issue of liability, accompanied by affidavits of Roseanne and Maria Diotaiuto, a copy of Carranzo's policy limits, copies of transcript pages from the deposition of Carranzo and a memorandum of law. On October 19, 1993, Aetna filed an objection to plaintiffs' motion. No objection to the plaintiffs' motion was filed by Safeco and there was no appearance on behalf of Safeco at oral argument.
Legal Discussion
The party moving for summary judgment must show "that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982). In determining whether an issue of material fact exists, the evidence is considered in the light most favorable to the non-moving party.Strada v. Connecticut Newspaper Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). In deciding a motion for summary judgment the trial CT Page 7929 court may consider affidavits and any other proof submitted by the parties, in addition to the pleadings. Pepe v. City of NewBritain, 203 Conn. 281, 285-6, 524 A.2d 629 (1987).
Plaintiffs argue that because Maria Diotaiuto was injured while a passenger in a vehicle owned by Redmond and insured by Safeco, she is an insured pursuant to the Safeco policy and is entitled to underinsured motorist benefits. Similarly, plaintiffs argue that Maria Diotaiuto is an insured of Aetna for purposes of underinsured motorist benefits because she is the daughter of an insured, Roseanne Diotaiuto, and was a resident in her household at the time of the incident. Plaintiffs state that the Carranzo insurance policy limits of liability are $100,000 per person/$300,000 per accident and that the full amount available to plaintiff under the policy has been exhausted.
In opposition, Aetna argues that issues of fact exist as to whether the Carranzo vehicle is underinsured and that to prevail the plaintiffs must prove that their damages exceed the amount already recovered from Carranzo's insurance carrier.
A motor vehicle is underinsured when "the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which the claim is made." General Statutes § 38a-336(d). The Supreme Court has held that the application of § 38a-336 involves two separate inquiries:
 First, it must be determined whether the tortfeasor's vehicle is an "underinsured vehicle" within the meaning of the statute. Second, after this determination is made and underinsured motorist coverage is found to be applicable, the finder of fact calculates the amount of the award to be paid the victim.
Covenant Insurance Co. v. Coon, 220 Conn. 30, 33, 594 A.2d 977
(1991). Therefore, § 38a-336 requires that the total of all liability insurance coverage available roan individual claimant be compared to the amount of underinsured motorist coverage in each of the policies against which the victim has a claim and if the total liability insurance is less than the uninsured motorist limits then the uninsured motorist coverage becomes applicable. Id., 34. If the tortfeasor's liability insurance policy has two different CT Page 7930 liability limits, the amount of liability insurance that is available to the victim must be examined. Id. In CovenantInsurance Co. v. Coon, supra, the Supreme Court held the amount of liability insurance used to determine if the vehicle at issue was underinsured was the $25,000 per person limit, not the $50,000 per accident limit, because only $25,000 was available to the claimant.
An insurance company is obligated to pay uninsured motorist benefits only after the limits of liability under all bodily injury liability bonds or insurance policies which apply at the time of the accident have been exhausted either by the payment of judgments or settlements. Continental Insurance Co. v. Cebe-Habersky,214 Conn. 209, 212, 571 A.2d 104 (1990).
Plaintiffs have failed to provide a copy of the Aetna policy. Therefore, there is no evidence of the amount of underinsured motorist coverage provided under the Aetna policy which is necessary to the determination of whether the Carranzo vehicle is underinsured. See Constantino v. Hanover Insurance Co., Superior Court, judicial district of Middlesex, Docket No. 67908 (June 16, 1993, Arena, J.) (summary judgment denied on ground that plaintiffs failed to provide documentation establishing underinsured motorist coverage limits or terms of their policy). Furthermore, the plaintiffs have failed to demonstrate that Maria Diotaiuto was an insured under the policy. Accordingly, the plaintiffs' motion for summary judgment must be denied as to Aetna.
However the plaintiffs' motion for summary judgment will be granted as to Safeco on the issue of liability only. Pursuant to the amendment of the policy provision on uninsured' motorist coverage, the definition of an uninsured motor vehicle mirrors the definition of an underinsured vehicle under § 38a-336 as a vehicle "[f]or which the sum of the limits of liability under all bodily injury liability bonds or policies applicable at the time of the accident is less than the sum of the limits of liability for Uninsured Motorist Coverage applicable to each vehicle insured for this coverage under this policy." The limits of coverage for uninsured motorists under the Safeco policy are $300,000 per person/$300,000 per accident.
In accordance with Covenant Insurance Co. v. Coon, supra,220 Conn. 33, the total liability coverage available under the Carranzo's policy is $100,000. This amount is less than the $300,000 limit of uninsured/underinsured motorist coverage available under the Safeco policy, therefore under General Statutes CT Page 7931 § 38a-336 and the Safeco policy, Carranzo's vehicle is uninsured/underinsured. Id., 37.
Furthermore, for purposes of uninsured/underinsured motorist coverage under the Safeco policy, a "covered person" is defined as "[a]ny other person occupying your covered auto." The affidavit of Maria Diotaiuto establishes that she was a passenger in the Redmond vehicle at the time of the accident, therefore she is a covered person for purposes of uninsured/underinsured motorist benefits under the Safeco policy.
Finally, the defendant Safeco filed no objection nor did Safeco appear to argue the motion.
Conclusion
Based on the foregoing, the plaintiffs' Motion for Summary Judgment (#120) is denied as to the defendant Aetna Casualty 
Surety Co., but granted as to the defendant Safeco Insurance Company of America.
So ordered.
Michael Hartmere, Judge